# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                                          Criminal No. **3:11CR64**

**JAMES DERRICK BAYLOR,**

　　Petitioner.

## MEMORANDUM OPINION

James Derrick Baylor, a federal inmate proceeding with counsel, brings this successive motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("Successive § 2255 Motion," ECF No. 170; *see* Mem. Supp. § 2255 Mot., ECF No. 189).[1] Baylor contends that his convictions and sentences are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government filed a Motion to Dismiss contending that the relevant statute of limitations bars relief. (ECF No. 183.) As discussed below, while the Government correctly asserts that the Successive § 2255 Motion is untimely, the Court also finds that Baylor's *Johnson* claim lacks merit.

### I. Procedural History

On March 1, 2011, a grand jury charged Baylor with: conspiracy to interfere with commerce by threats and violence, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery") (Count One); three additional counts of Hobbs Act robbery (Counts Two, Eight, and Eleven); use and carry of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Counts Three, Nine, and Twelve); and possession of a firearm by a

---

[1] After Baylor filed his Successive § 2255 Motion, the Court appointed him counsel. Counsel filed a Memorandum in Support of the Successive § 2255 Motion that the Court references for the statement of Baylor's claims and factual support.

felon, in violation of 18 U.S.C. § 922(g)(1) and 2 (Counts Four, Ten, and Thirteen). (Indictment 1–8, ECF No. 1.) On January 30, 2012, the Government filed a motion to dismiss Counts Five through Ten as to Baylor and his co-defendant and brother, Troy Baylor. (ECF No. 79.) The Court granted the Government's motion by Order entered on February 1, 2012. (ECF No. 81.) Following trial, a jury convicted Baylor of all of the remaining counts. (ECF No. 87, at 1–3.) On April 24, 2012, the Court entered judgment against Baylor and sentenced him to a total of 514 months of imprisonment. (J. 3, ECF No. 106.)

Baylor, through counsel, filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. (ECF No. 112.) The Fourth Circuit affirmed this Court's judgment. (ECF Nos. 126, 127.) On December 2, 2013, the United States Supreme Court denied Baylor's petition for a writ of certiorari. *Baylor v. United States*, 134 S. Ct. 717 (2013).

By Memorandum Opinion and Order entered on February 4, 2016, the Court denied Baylor's first § 2255 motion. *United States v. Baylor*, No. 3:11CR64, 2016 WL 455430, at *1–7 (E.D. Va. Feb. 4, 2016); (*see* ECF Nos. 154, 155.) On June 27, 2016, Baylor filed the instant Successive § 2255 Motion. (ECF No. 170.) On June 30, 2016, the Fourth Circuit granted Baylor permission to file a successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 172.) Thereafter, the Government moved to dismiss, arguing that the Successive § 2255 Motion is barred by the relevant statute of limitations. (ECF No. 183.)

## II. Analysis

### A. Baylor's § 2255 Motion is Untimely

Under 28 U.S.C. § 2255(f)(1), Baylor was required to file any 28 U.S.C. § 2255 motion within one year after his conviction became final. Accordingly, absent a belated commencement of the limitation period, Baylor's Successive § 2255 Motion is untimely. Baylor contends 28 U.S.C. § 2255(f)(3) entitles him to a belated commencement of the limitation period.

2

To benefit from the limitations period stated in § 2255(f)(3), Baylor "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012).

Baylor asserts that the right recognized in *Johnson* affords him relief. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[2] The *Johnson* Court declared unconstitutionally vague the residual clause in the ACCA's definition of prior "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which had defied clear definition. *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

Baylor asserts that *Johnson* renders his sentence unlawful, and in doing so, he argues that *Johnson* restarted the one-year limitation period pursuant to § 2255(f)(3).[3] For a petitioner to

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[3] At least six judges in the Eastern and Western Districts of Virginia have rejected this argument and dismissed as untimely *Johnson*-related challenges resulting from § 924(c) convictions. *See Gray v. United States*, Nos. 1:08–cr–00273–GBL–2, 1:16–cv–00606–GBL,

satisfy § 2255(f)(3), the Supreme Court must establish the right in question. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). "[I]f the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (citation omitted).

Baylor was convicted of two counts of using and carrying a firearm during the commission of a crime of violence, to wit, Hobbs Act robbery, in violation of 18 U.S.C. § 924(c) (Counts Two, Three, Eleven, and Twelve). Baylor's argument—that the residual clause of § 924(c) is unconstitutionally vague—simply was not a rule announced in *Johnson*. Rather, the Supreme Court's holding in *Johnson* addressed only the residual clause of ACCA. As the Fourth Circuit has observed, although "the Supreme Court held unconstitutionally vague the [residual clause in ACCA], . . . the [Supreme] Court had no occasion to review . . . the residual clause [of § 924(c)]." *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Baylor's claim about the vagueness of § 924(c)'s residual clause falls entirely outside the holding by the Supreme Court in *Johnson*. *See United States v. Cook*, No. 1:11–CR–188, 2019 WL 921448, at *3 (E.D. Va. Feb. 25, 2019) ("[T]he question of [*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)] and *Johnson*'s effect on Section 924(c)(3)(B) is not yet settled.").[4] Thus, the Government correctly asserts that Baylor's Successive § 2255 Motion is untimely and barred from review. Accordingly, the Government's Motion to Dismiss (ECF No. 183) will be GRANTED.

---

2017 WL 6759614, at *3 (E.D. Va. Sept. 12, 2017) (citing four other Eastern District of Virginia judges who have dismissed these challenges as untimely and also holding the same); *United States v. Shifflett*, No. 5:14–cr–00007, 2017 WL 2695272, at *2–3 (W.D. Va. June 21, 2017).

[4] In *Dimaya* the Supreme Court held unconstitutionally vague a similarly worded residual clause in 18 U.S.C. § 16(b). 138 S. Ct. at 1216.

4

### B. Baylor's Claim Lacks Merit because his Hobbs Act Robberies Qualify as Crimes of Violence under the Force Clause of § 924(c), not the Residual Clause

Baylor's claim also lacks merit. *See United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (noting that a district court may summarily dismiss a § 2255 motion where "files, and records 'show conclusively that the movant is not entitled to relief'" (quoting *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992))). The United States can demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies either the force clause or the residual clause contained in § 924(c)(3):

    **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
    **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].[5]

*Id.* § 924(c)(3).[6] Baylor contends that, after *Johnson*, the offense of Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his convictions for Counts Three and Twelve must be vacated.[7] Although Baylor was not sentenced pursuant to ACCA, he asserts that the Residual Clause of § 924(c) is materially indistinguishable from the

---

[5] The Fourth Circuit recently held that the *Residual* Clause of § 924(c) is unconstitutionally vague, but that finding would not alter this decision. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). Even if Baylor had timely filed his Successive § 2255 Motion, his Hobbs Act robbery convictions qualify as crimes of violence under the *Force* Clause of § 924(c).

[6] Section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The statute mandates an additional period of five years imprisonment. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

[7] Count Three charged Baylor with using a firearm in conjunction with Hobbs Act robbery charged in Count Two, and Count Twelve charged Baylor with the using a firearm in conjunction with the Hobbs Act robbery charged in Count Eleven. (ECF No. 1 at 2–3, 6–7.) Although Baylor was also charged with and convicted of conspiracy to commit Hobbs Act robbery, he was not charged with use of a firearm in conjunction with that conspiracy.

ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which the Supreme Court in *Johnson* struck down as unconstitutionally vague. As explained below, Hobbs Act robbery qualifies as a crime of violence under the Force Clause.

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). As this Court has previously concluded:

> a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, No. 3:15cr102, 2015 WL 5920008, at *4 (E.D. Va. Oct. 9, 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," *id.*, and "any act or threatened act which engenders a fear of injury implicates force and potential violence," *id.* (citing *United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014)); *see also Castleman*, 134 S. Ct. at 1416–17 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force.

*United States v. Herstch*, No. 3:17CR92, 2017 WL 4052383, at *4 (E.D. Va. Sept. 12, 2017) (alteration in original). Although the Fourth Circuit has not yet decided whether Hobbs Act robbery satisfies the Force Clause, eight Courts of Appeals have affirmed this conclusion post-*Johnson*.[8] Accordingly, consistent with this Court's earlier decisions, *see id.* at *5, the Court

---

[8] *See, e.g., United States v. St. Hubert*, 909 F.3d 335, 353 (11th Cir. 2018), *cert. denied*, No. 18-8025, 2019 WL 720786 (U.S. Mar. 25, 2019); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1066 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

finds that Hobbs Act robbery satisfies the Force Clause and therefore constitutes a categorical crime of violence, forming the basis for the § 924(c) charge in Counts Three and Twelve. *See United States v. Carter*, No. 3:13CR04, 2019 WL 321407, at *10 (E.D. Va. Jan. 24, 2019) (denying § 2255 for identical reasoning).

Lastly, the Court notes that the Fourth Circuit's recent decision in *Simms*, 914 F.3d 229, does not alter the conclusion that each of Baylor's § 924(c) convictions are predicated on a valid crime of violence under the Force Clause of § 924(c)(3)(A). In *Simms*, the defendant pled guilty to *conspiracy* to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act *conspiracy* could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit held the *Residual* Clause of § 924(c) void for vagueness. *Id.* at 236.

As explained above, unlike the inchoate crime of *conspiracy* to commit Hobbs Act robbery, Hobbs Act robbery remains a valid crime of violence under the Force Clause because it invariably requires the actual, attempted, or threatened use of physical force. *St. Hubert*, 909 F.3d at 351. Accordingly, Baylor's claim pursuant to *Johnson* lacks merit and will be dismissed.

### III. Conclusion

The Government's Motion to Dismiss (ECF No. 183) will be GRANTED. The Successive § 2255 Motion (ECF No. 170) will be DENIED. Baylor's claim and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Baylor has not satisfied this standard. Accordingly, a COA will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Mauck
United States District Judge

Date: APR 24 2019
Richmond, Virginia

8